IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MICHAEL J. HOMUTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 26-cv-1013 |
| | ) |
| NAPOLEON T. GULLEY and | ) |
| BARBARA WALKER (a/k/a | ) |
| BARBARA GULLEY), | ) |
| Defendants. | ) |

**COMPLAINT**

Now Comes Plaintiff, Michael J. Homuth, by and through his attorney Robert T. Hanlon, of the Ambroziak Law Group, with his Complaint complaining of Defendants Napoleon T. Gulley and Barbara Walker, a/k/a Barbara Gulley, alleges as follows:

**PARTIES**

**1.** Plaintiff, Michael J. Homuth, is a citizen and domicile of Wisconsin.

**2.** Defendant, Napoleon T. Gulley, is a citizen of Illinois and resides at 1650 W. Rascher Avenue, Apartment #1E, Chicago, Illinois.

**3.** Defendant, Barbara Walker, also known as Barbara Gulley, is a citizen of Illinois and resides at 1650 W. Rascher Avenue, Apartment #1E, Chicago, Illinois. Barbara Walker Gulley is married to Napoleon T. Gulley.

**JURISDICTION AND VENUE**

**4.** This Court has subject-matter jurisdiction pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 USCS § 1332.

**5.** The amount in controversy exceeds $75,000 because Plaintiff seeks recognition and protection of his claimed one-half equitable interest in real property purchased for $290,000, recovery of approximately $115,000 or more for property improvements and other contributions, and related equitable and monetary relief.

**6.** This Court has personal jurisdiction over Defendants because Defendants participated in a transaction concerning Wisconsin real property, entered agreements concerning that property, and retained benefits arising from Plaintiff's contributions to that property.

**7.** Venue is proper in this District because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and the real property that is the subject of this action is situated in this District. 28 USCS § 1391.

**FACTUAL ALLEGATIONS**

**8.** This action concerns real property commonly known as 3633 13th Drive, Wisconsin Dells, Wisconsin 53965, identified as Parcel Identification Number 008011210000 (the "Property").

**9.** The Property's legal description includes Lot 12 and Outlot A, Dell Prairie Bay Subdivision, Town of Dell Prairie, Adams County, Wisconsin.

**10.** Before the acquisition of the Property, precedingly owned by Plaintiff's parents, Plaintiff and Defendant Napoleon Gulley agreed that they would purchase and own the Property jointly, with each holding a one-half interest.

**11.** Plaintiff and Napoleon Gulley each contributed $10,000 toward the equity required to acquire the Property.

**12.** The Property was purchased on or about June 18, 2021, for $290,000.

**13.** The closing documents identify Napoleon Gulley as the borrower.

**14.** The warranty deed dated June 18, 2021 however conveyed the Property only to Napoleon T. Gulley as grantee.

**15.** Although Plaintiff contributed $10,000 toward the acquisition of the Property and understood that he would receive a one-half ownership interest, Napoleon Gulley caused title to be placed solely in his own name.

**16.** Plaintiff did not agree to relinquish his agreed ownership interest in the Property at the time of closing.

**17.** In later written statements the parties acknowledged that the purchase proceeds included a $10,000 contribution from Gulley and a $10,000 contribution from Homuth.

**18.** That agreement further acknowledged that the Property could not have been purchased without the mortgage, loan, and other identified contributions.

**19.** The parties' later draft written agreement identified Napoleon Gulley and Barbara Walker collectively as "Gulley" and Plaintiff as "Homuth.".

**20.** The written agreement provided that, after payment of the remaining mortgage balance, a $50,000 loan, and closing costs, any remaining sale proceeds would be divided equally between Gulley and Homuth.

**21.** The parties also agreed to divide equally all income, rents, profits, costs, and expenses relating to the Property from the date of that agreement forward..

**22.** Plaintiff understood the parties' agreements and course of dealing to confirm that Plaintiff possessed a substantial equitable interest in the Property.

**23.** Relying on the parties' agreement that Plaintiff would own a one-half interest in the Property, Plaintiff contributed substantial time, labor, materials, funds, and improvements to the Property.

**24.** Plaintiff's expenditures and contributions toward improvements and other Property-related work total approximately $115,000, in addition to Plaintiff's original $10,000 contribution toward the acquisition.

**25.** In a prior written draft agreement prepared by defendants in January 2023 Defendants acknowledged Plaintiff had incurred $72,604.72 in Property-related expenses. Since that time Plaintiff has incurred additional expenses with his new total exceeding $115,000.

**26.** Plaintiff provided these contributions with the expectation that he would receive the benefit of his agreed half ownership interest and share equally in the Property's value, income, rents, profits, and sale proceeds.

**27.** Defendants have retained the benefits of Plaintiff's acquisition contribution, expenditures, labor, and improvements. Moreover Defendants began showing the property for sale without inclusion of Plaintiff in any decision to sell the Property.

**28.** Plaintiff has not received legal title to any interest in the Property, reimbursement of his contributions, or the value of his claimed one-half interest.

**29.** Defendants' continued assertion of sole ownership or control over the Property is inconsistent with Plaintiff's contributions, the parties' agreements, and Plaintiff's equitable interest and admissions of Defendants.

**30.** Unless restrained by this Court, Defendants may sell, transfer, encumber, dissipate, market, or otherwise impair the Property or its proceeds, thereby frustrating Plaintiff's ability to obtain meaningful equitable relief.

## COUNT I — DECLARATORY JUDGMENT AND EQUITABLE TITLE

**31.** Plaintiff incorporates by reference paragraphs 1 through 31 as though fully set forth herein.

**32.** An actual controversy exists between Plaintiff and Defendants concerning Plaintiff's ownership rights and equitable interest in the Property.

**33.** Plaintiff and Napoleon Gulley agreed before the purchase that Plaintiff and Napoleon Gulley would jointly own the Property.

**34.** Plaintiff performed by contributing $10,000 toward the Property's acquisition and by subsequently contributing substantial money, labor, and improvements in reliance on his ownership interest.

**35.** The parties' subsequent written agreements recognized Plaintiff's $10,000 purchase contribution, contemplated an equal division of remaining sale proceeds, and provided a mechanism for Plaintiff to receive fifty percent of the Property's value upon dissolution, subject to specified deductions.

**36.** Equity requires a declaration that Plaintiff holds a one-half equitable ownership interest in the Property, subject to any equitable accounting and legally enforceable lien or mortgage obligations affecting the Property.

**37.** Plaintiff is entitled to an order requiring Defendants to execute and record all documents necessary to convey and reflect Plaintiff's equitable ownership interest in the Property.

**COUNT II — CONSTRUCTIVE TRUST**

**38.** Plaintiff incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

**39.** Napoleon Gulley acquired sole record title to the Property after Plaintiff contributed $10,000 toward the purchase in reliance on the parties' agreement that the Property would be jointly owned.

**40.** Plaintiff thereafter made substantial financial and labor contributions to the Property in reliance on his belief that he held a one-half ownership interest.

**41.** Defendants have retained the benefit of Plaintiff's contributions while denying Plaintiff legal title, reimbursement, and the benefit of his equitable interest.

**42.** Allowing Defendants to retain the Property, its increased value, and the benefits derived from Plaintiff's contributions without recognizing Plaintiff's equitable interest would unjustly enrich Defendants.

**43.** A constructive trust is necessary to prevent Defendants from unjustly retaining the Property or proceeds traceable to Plaintiff's contributions.

**44.** Plaintiff is entitled to a constructive trust over the Property and any identifiable proceeds, rents, profits, insurance proceeds, or other value derived from the Property to the extent necessary to protect and enforce Plaintiff's equitable interest.

**COUNT III — FRAUD**

**45.** Plaintiff incorporates by reference paragraphs 1 through 45 as though fully set forth herein.

**46.** Before the June 18, 2021 closing, Napoleon Gulley represented to Plaintiff that Plaintiff and Napoleon Gulley would jointly purchase and jointly own the Property.

**47.** Napoleon Gulley made that representation to induce Plaintiff to contribute $10,000 toward the Property's acquisition and to undertake further expenditures and improvements.

**48.** Napoleon Gulley made the representation to others including Plaintiff's parents that Plaintiff would have a ½ interest in the property in order to induce Plaintiff's parents to execute the deed.

**49.** At or before the closing, Napoleon Gulley caused the deed to convey the Property solely to Napoleon Gulley, despite the representation that Plaintiff would receive a one-half ownership interest.

**50.** Napoleon Gulley knew, or recklessly disregarded, that his representation of joint ownership was false or misleading when made because he intended to place title solely in his own name and did not disclose that Plaintiff would not have an interest in the Property.

**51.** Plaintiff reasonably relied on Napoleon Gulley's representation by contributing $10,000 toward the purchase and by subsequently contributing substantial money, labor, and improvements to the Property.

**52.** Plaintiff suffered damages as a direct result of his reliance, including the loss of his anticipated ownership interest, the loss of the use and benefit of his contributions, and damages in an amount to be established at trial.

**53.** Barbara Walker knowingly accepted or retained benefits from Plaintiff's contributions to the Property, including benefits recognized in the parties' later written agreements.

## COUNT IV — QUANTUM MERUIT AND UNJUST ENRICHMENT

**54.** Plaintiff incorporates by reference paragraphs 1 through 53 as though fully set forth herein.

**55.** Plaintiff conferred substantial benefits upon Defendants by contributing $10,000 toward the acquisition of the Property and approximately $115,000 or more in money, labor, materials, improvements, and Property-related expenditures.

**56.** Defendants knew of, accepted, and retained those benefits.

**57.** Defendants have not paid Plaintiff the reasonable value of his contributions or provided Plaintiff with the agreed ownership interest in the Property.

**58.** Plaintiff conferred the benefits with the reasonable expectation that he would acquire and enjoy a one-half ownership interest in the Property and share in its value and proceeds.

**59.** Defendants' retention of the benefits of Plaintiff's contributions without compensating Plaintiff or recognizing his equitable interest would be unjust.

**60.** Plaintiff is entitled to recover the reasonable value of the benefits conferred upon Defendants, including the amount by which Plaintiff's contributions increased the value of the Property, in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael J. Homuth respectfully requests that the Court enter judgment in his favor and against Defendants Napoleon T. Gulley and Barbara Walker, a/k/a Barbara Gulley, and grant the following relief:

**A.** Declare that Plaintiff holds a one-half equitable ownership interest in the Property, subject to an equitable accounting and lawful interests of any mortgage lender or other properly established lienholder;

**B.** Impose a constructive trust over the Property and over any proceeds, rents, profits, insurance proceeds, or other value derived from the Property, to the extent necessary to protect Plaintiff's equitable interest;

**C.** Enter a preliminary and permanent injunction prohibiting Defendants and all persons acting in concert with them from marketing, selling, transferring, conveying, mortgaging, encumbering, leasing, or otherwise disposing of the Property or its proceeds except by further order of this Court;

**D.** Order Defendants to execute, deliver, and record all instruments necessary to reflect Plaintiff's equitable ownership interest in the Property;

**E.** Order an accounting of all mortgage payments, taxes, insurance premiums, maintenance expenses, rents, income, profits, sale proceeds, and other Property-related receipts and disbursements from June 18, 2021 to the present;

**F.** Award Plaintiff compensatory damages for fraud, quantum meruit, unjust enrichment, and all other recoverable damages in an amount to be proven at trial;

**G.** Award Plaintiff pre-judgment and post-judgment interest as allowed by law;

**H.** Award Plaintiff costs and disbursements as allowed by law; and

**I.** Grant such other and further relief as the Court deems just and equitable.

Dated: 10/9/26

Respectfully submitted,

Ambroziak Law Group

By: /s/Robert T. Hanlon
Robert T. Hanlon
Ambroziak Law Group
640 McHenry Avenue
Woodstock, Illinois 60098
Attorneys for Plaintiff Michael J. Homuth

Robert T. Hanlon
Admitted in U.S. Dist. Courts for Districts of
Northern Illinois
Central Illinois
Northern Indiana
Southern Texas
Eastern Wisconsin
Western Wisconsin
Ambroziak Law Group
640 McHenry Avenue
Woodstock, Illinois 60098